IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 07-3580 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| BEN CURRY, et al., | ) | |
| Respondents. | ) | (Docket Nos. 2, 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the conditions of his confinement at the Correctional Training Facility in Soledad, California.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of

1  confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
2  573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
3  confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
4  dismissal of habeas petition on basis that challenges to terms and conditions of
5  confinement must be brought in civil rights complaint).

6       Accordingly, the court will dismiss the instant habeas action without prejudice
7  because petitioner's claims do not challenge the duration or legality of his confinement or
8  sentence under § 2254.  Instead, petitioner alleges that prison officials denied him due
9  process concerning his prison administrative appeal.  Petitioner's claim is more
10 appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983.

**CONCLUSION**

12      The petition for writ of habeas corpus is DISMISSED without prejudice.
13 Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to
14 42 U.S.C. §1983 on the enclosed form.  Petitioner shall include any supporting
15 documentation of his prison appeal with his new complaint as the instant case will be
16 closed.  The court will return petitioner's exhibits to him with this order.  The clerk shall
17 terminate all pending motions (docket nos. 2, 3) as moot and close the file.  No filing fee
18 is due.

19      IT IS SO ORDERED.
20 DATED:  8/27/2007

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1  This is to certify that on _____8/28/2007_____, a copy of this ruling was mailed to the following:
2
3  Richard Gary Hall, Jr.
   C-07278
4  Correctional Training Facility - Soledad
   P.O. Box 705
5  Soledad, CA  93960-0705

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28